# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF DONALD J. BRUESS, by DONNY E. BRUESS, JR., Administrator, | |
| Plaintiff, | No. C09-2055 |
| vs. | RULING ON MOTION TO COMPEL RESPONSES |
| BLOUNT INTERNATIONAL, INC. d/b/a DIXON INDUSTRIES, INC.; HUSQVARNA U.S. HOLDING INC. f/k/a HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS INC. d/b/a DIXON INDUSTRIES INC.; HUSQVARNA CONSUMER OUTDOOR PRODUCTS, N.A., INC. f/k/a HUSQVARNA OUTDOOR PRODUCTS INC. d/b/a DIXON INDUSTRIES, INC.; and 4520 CORP., INC., | |
| Defendants. | |

This matter comes before the Court on the Motion to Compel Responses to Plaintiff's 12/20/10 First Request for Admissions (docket number 32) filed by the Plaintiff on March 16, 2011; and the Resistance (docket number 35) filed by the Defendants on April 4, 2011. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## I. BACKGROUND FACTS AND PROCEEDINGS

On October 22, 2009, Donny E. Bruess, Jr., acting as administrator of the Estate of Donald J. Bruess, filed a complaint seeking damages for the alleged wrongful death of Donald J. Bruess. (For convenience, the Court will refer to Plaintiff as "Bruess.") Two days later, Bruess filed an amended complaint, changing the names of the corporate

defendants found in the caption. The Defendants (collectively "Dixon") filed an answer on December 23, 2009.

On February 12, 2010, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to an October 19, 2010 deadline for completion of discovery, with a trial ready date of March 19, 2011. A short while later, at Dixon's request, the discovery deadline was extended to December 20, 2010, with a trial ready date of May 18, 2011. In support of its motion to extend the deadlines, Dixon noted that efforts by the parties to locate the riding lawn mower involved in the instant action had been unsuccessful. Dixon asserted that it could not "adequately respond or object to the discovery without confirmation as to the mower involved."[1]

In July 2010, Bruess asked that the pretrial deadlines again be extended. In support of his motion to extend the pretrial deadlines, Bruess noted that the deposition of Dixon's Rule 30(b)(6) witness was scheduled for July 28, 2010, and "Plaintiffs' experts need to be able to review the deposition in order to prepare their expert reports."[2] Without objection by Dixon, the Court extended the discovery deadline to March 20, 2011, with a trial ready date of August 18, 2011. That is, the discovery deadlines were extended by approximately five months from the dates originally agreed upon by the parties.

On December 20, 2010, Bruess served Dixon with its First Request for Admissions. On January 19, 2011, Dixon timely filed its response to Bruess' request for admissions.[3] In his instant motion, Bruess argues that the responses are not in conformity with FEDERAL RULE OF CIVIL PROCEDURE 36, and asks that the Court declare that certain requests are

---

[1] See Dixon's Motion to Amend Scheduling Order (docket number 21) at 2, ¶ 5.

[2] See Bruess' Motion to Amend Scheduling Order (docket number 25) at 2, ¶¶ 3-4.

[3] A copy of Dixon's response was attached to the instant motion as Plaintiff's Exhibit 1. See docket number 32-3.

unequivocally admitted, some requests are unequivocally denied, and that Dixon be required to amend its responses to other requests.

## II. DISCUSSION

Among other things, Bruess complains of Dixon's repeated objection to the phrase "lawn tractor," as found in the request for admissions. Dixon apparently believes that the term "lawn tractor" does not fairly describe the model 5022, and that its use in this case may be misleading and prejudicial. Apparently, Bruess is equally convinced that the model 5022 is accurately described as a lawn tractor and, for whatever reasons, it is important that it be referred to as such.

The parties' dispute in this regard has existed since the filing of Dixon's answer. The amended complaint alleges that "Donald J. Bruess sustained personal injuries resulting in his death on October 24, 2007, while operating a Dixon zero turn radius lawn tractor (herein after referred to as Dixon ZTR) model number 5022."[4] In their answer, "Defendants deny that the Dixon Model 5022 ZTR is a tractor."[5] Similarly, Dixon denies that its model 5022 ZTR is a "tractor" in its answers to paragraphs 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 31, 32, 33, 34, 35, and 38 of the amended complaint. Instead, Dixon prefers to refer to the model 5022 as a "zero turn mower." In its response to Bruess' request for admissions, Dixon objects to the phrase "lawn tractor," alleging it is "vague and misleading as implying a certain size and/or similarity to agricultural tractors."

Bruess asserts in his brief that he defined his use of the term "lawn tractor" and "lawn tractor at issue" in the definition portion of his first request for admissions.[6] According to Bruess, he defined "lawn tractor" as "any design or type of self propelled machine designed to primarily cut vegetation with an operator seated on the machine."

---

[4] *See* First Amended Complaint (docket number 3) at 3, ¶ 7.

[5] *See* Dixon's Answer (docket number 14) at 3, ¶ 7.

[6] Plaintiff's Exhibit 1, which is Dixon's response to the request for admissions, does not include the "definition portion" referred to by Bruess in his brief.

3

The "lawn tractor at issue" was defined by Bruess as "the riding machine described in Plaintiff's Complaint."

In his brief, Bruess helpfully sets forth a summary of the law regarding responses to a request for admissions. As noted by Bruess, the other party must respond within 30 days, and may object to a request, stating the reasons for the objection. *See* FED. R. CIV. P. 36(a)(3) and (5). Because of Bruess' insistence on using the term "law tractor" in his request for admissions – despite Dixon's repeated denials in its answer that its riding lawn mower is a "lawn tractor" – Dixon was required to repeatedly object to the phrase "lawn tractor." The Court concludes that Dixon's objection in this regard, which clearly states the reason for the objection, is compliant with Rule 36. The parties' dispute over terminology will not be resolved by requests for admissions. *See Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 457-58 (D. Minn. 1997) ("The quintessential function of Requests for Admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute."). Dixon is not required to acquiesce to Bruess' insistence that the model 5022 be referred to as a "lawn tractor."

It is noteworthy that while Dixon objects repeatedly to Bruess' use of the phrase "lawn tractor," it nonetheless responds substantively to the request for admission. Request for admission number 1 is illustrative:

> REQUEST FOR ADMISSION NO. 1: Please admit that the Defendant at all times relevant hereto has been in the business of designing and selling lawn tractors.
>
> Response: Defendants object to the phrase "lawn tractor" as vague and misleading as implying a certain size and/or similarity to agricultural tractors. It is admitted that Dixon was in the business of designing and selling mowers until July 26, 2006. The allegations of Request No. 1 not herein specifically admitted are denied.

4

*See* Dixon's Response to Request for Admissions (docket number 32-3) at 3. Presumably, the request is intended to establish that there is no "real dispute" that Dixon was in the business of designing and selling a "self propelled machine designed to primarily cut vegetation with an operator seated on the machine." While objecting to the term "lawn tractor," Dixon admits that it was in the business of designing and selling "mowers" until July 26, 2006. The Court believes that the answer fairly responds to the substance of the request.

Next, Bruess complains that while Dixon admits the substance of various requests, it then adds "caveats that are non-responsive, apparently in an effort to blunt the effect of their admissions."[7] Bruess identifies 14 responses which he believes fall in this category, including request for admission number 7:

> REQUEST FOR ADMISSION NO. 7: Please admit that the lawn tractor at issue as it was manufactured lacked any protection to keep the operator from being pinned under the mower if and when it rolled over.
>
> Response: Defendants object to the phrase "lawn tractor" as vague and misleading as implying a certain size and/or similarity to agricultural tractors. Defendants further object to Request No. 7 in that it assumes that a roll over incident of the Dixon Model 5022 was inevitable ("if and when it rolled over"). While it is possible for any mower to roll over, there were design features of the Dixon Model 5022 mower that made it stable and unlikely to roll over. In addition, the operator's manual provided instructions that, if heeded, would prevent a roll over. Subject to these objections and clarifications, it is admitted that the Dixon Model 5022 did not have a ROPS [rollover protection system]. The allegations of Request No. 7 not herein specifically admitted are denied.

*See* Dixon's Response to Request for Admissions (docket number 32-3) at 5.

---

[7] *See* Bruess' Memorandum (docket number 32-1) at 10.

As noted by Bruess in his memorandum, "[r]equests for admission should be simple and direct."[8] See *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1977) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); *Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 421 (D. Minn. 2006) (same). Here, Bruess asked Dixon to admit that model 5022 "*lacked any protection* to keep the operator *from being pinned* underneath the mower *if and when it rolled over.*" (emphasis added) The Court believes that the request is not "simple and direct," and does not lend itself to a simple "admit" or "deny" response. By seeking an admission that model 5022 "lacked any protection," Bruess invited an explanation by Dixon regarding safety features that "made it stable and unlikely to roll over." That is, Dixon cannot be required to admit unequivocally that model 5022 "lacked any protection," when it believes that there were design features "to keep the operator from being pinned under the mower." If the request was intended to establish that the mower did not have a "rollover protective system," then Dixon fairly responded to the substance of the request by admitting that it "did not have a ROPS." The Court believes that the response substantially conforms with Rule 36.

The Court has carefully reviewed the other requests for admission which Bruess argues are not in conformity with Rule 36. Among other things, Bruess asks Dixon to admit that other manufacturers placed ROPS on their lawn tractors in 1999 and prior years, that Dixon knew that other lawn tractors had rolled over, and that some operators had been killed as a result of those accidents. These requests are not designed "for facilitating the proof at trial by weeding out facts and items of proof over which there is no dispute," *Booth Oil v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (quoting 4A Moore's Federal Practice, ¶ 36.02 (2d ed. 1982)), but instead are loaded with broad allegations about "other lawn tractors" under unidentified circumstances. Bruess

---

[8] *See Id.* at 8.

complains that Dixon's responses "are not useable at trial."[9] Because of their lack of specificity, it was unlikely that they could be used in any event. Nonetheless, after objecting to the terms employed by Bruess and the implications contained in the requests, Dixon fairly responded to the substance of the request.

Next, Bruess identifies five requests for admission where Dixon added "caveats to their denials that are non-responsive, apparently in an effort to confuse their denials."[10] Request for Admission No. 8 is illustrative:

> REQUEST FOR ADMISSION NO. 8: Please admit that [as] the decedent was using the mower on the date of his accident, he was using it in a way that the manufacturer could reasonably have anticipated.
>
> Response: Defendants object to Request No. 8 in that it is impossible to know all of the uses of the mower on the date of the accident and therefore the request cannot be admitted or denied in its entirety. The request is denied as to decedent's use of the mower immediately before his accident.

*See* Dixon's Response to Request for Admissions (docket number 32-3) at 5. The Court finds nothing objectionable about Dixon's response. Apparently, there were no witnesses to the accident which resulted in Bruess' death. Accordingly, it cannot reasonably be expected that Dixon would admit that the "way" which Bruess was "using the mower" immediately before the accident was something which Dixon "could reasonably have anticipated." *See Lakehead*, 177 F.R.D. at 458 ("Of course, requests for admission are not to be employed as a means 'to establish facts which are obviously in dispute or to answer questions of law.'") (quoting *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989)).

Finally, Bruess complains in his memorandum of the "implication and assumptions" found in Dixon's responses to request numbers 3, 5, 19, and 20. In request number 3,

---

[9] *See Id.* at 15.

[10] *See Id.* at 16.

7

Bruess asks Dixon to admit that if the mower had been fitted with a rollover protection system, it would not have rolled 180 degrees or more when it rolled into the pond. Similarly, request number 5 asks Dixon to admit that Bruess would not have died if a rollover protective system was installed. Clearly, these are not intended to narrow the issues about which there is no dispute. Request for admission number 19 reads:

> REQUEST FOR ADMISSION NO. 19: Please admit the standard equipment ROPS on the lawn tractor model at issue would not cause more deaths in rollovers of said machines than if it did not have standard equipment ROPS.
>
> Response: Defendants object to the phrase "lawn tractor" as vague and misleading as implying a certain size and/or similarity to agricultural tractors. Defendants further object in that the request assumes it was feasible for the mower at issue in this case to have a ROPS installed. Defendants deny the implication and assumption in Plaintiff's request that it was feasible for the model 5022 ZTR to have a ROPS. Because of the assumptions implicit in Plaintiff's request that cannot be admitted, Defendants cannot admit or deny Request No. 19 and to the extent an answer is required, the request is denied.

*See* Dixon's Response to Request for Admissions (docket number 32-3) at 8-9. Clearly, Bruess' request for admission assumes that "standard equipment ROPS" could feasibly have been installed on the model 5022. According to Dixon's response, that is a contested issue.[11] Dixon was not required to respond to a request which implies or assumes a contested issue. The fault here lies not in Dixon's response, but in Bruess' request. Bruess' request that Dixon amend its answer will be denied.

In summary, given the nature of Bruess' requests for admission, the Court finds that Dixon has fairly responded to the substance of the requests and substantially complied with Rule 36. Accordingly, the motion to compel will be denied.

---

[11] Seeking an admission which assumes a contested fact is like asking a man to admit that he has stopped beating his wife.

8

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Compel Responses (docket number 32) filed by the Plaintiff is **DENIED**.

DATED this 26th day of May, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA