IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF DONALD J. BRUESS, by DONNY E. BRUESS, JR., Administrator,<br><br>Plaintiff,<br><br>vs.<br><br>BLOUNT INTERNATIONAL, INC., d/b/a DIXON INDUSTRIES, INC.; HUSQVARNA U.S. HOLDING INC., f/k/a HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS, INC., d/b/a DIXON INDUSTRIES INC.; HUSQVARNA CONSUMER OUTDOOR PRODUCTS, N.A., INC., f/k/a HUSQVARNA OUTDOOR PRODUCTS, INC., d/b/a DIXON INDUSTRIES, INC.; and 4520 CORP., INC.,<br><br>Defendants. | No. 09-2055 EJM<br><br>ORDER |

This matter is before the court on defendants' resisted Motion to Exclude Evidence on ROPS Exemplar and Expert Griffin as Untimely, filed March 1, 2011, on defendants' resisted Motion to Exclude Evidence under <u>Daubert</u>, filed April 20, 2011, on the US Magistrate Judge's[1] Report and Recommendation thereon, filed July 8, 2011, and on defendants' resisted Motion for Summary Judgment, filed April 20, 2011. Briefing concluded on July 29, 2011. Objections

---

1. The Honorable Jon S. Scoles, US Magistrate Judge.

to Report and Recommendation overruled, Report and Recommendation adopted. Motion to Exclude Expert Griffin granted. Motion to Exclude under Daubert granted in part and denied in part in accordance herewith. Dismissed as to all defendants other than 4520 Corp., Inc. Motion for Summary Judgment denied.

Plaintiff Estate of Donald J. Bruess brings this action for damages asserting decedent Bruess was operating a lawn tractor that rolled over into a pond, pinning Bruess under water, resulting in his death.

In Count 1 of its Amended Complaint filed October 24, 2009, plaintiff seeks damages for strict liability, claiming the lawn tractor was defective and unreasonably dangerous due to the lack of a rollover protective system (ROPS), lack of crashworthiness, lack of adequate warnings as to the need for a safety frame, and the lack of an inclinometer.

In Count 2, plaintiff seeks damages for negligence, claiming defendants did not exercise reasonable care in failing to make the lawn tractor crashworthy by equipping or offering the lawn tractor with a safety frame or providing adequate pre-sale warnings of the reason therefor, in failing to give adequate post-sale warnings as to the need for a safety frame, in failing to adequately warn dealers of the need to purchase and install safety frames, and in failing to install an inclinometer.

Decedent Bruess was a domiciliary of Winneshiek County, Iowa, defendants are corporations not domiciled in Iowa, and the amount in controversy exceeds $75,000. Jurisdiction is based on 28 USC §1332.

The background of this matter is fully set forth in the Report and Recommendation, and requires no further elaboration. Upon de novo review of the Report and Recommendation and the objections thereto, and for the reasons set forth in the thorough and well-reasoned Report and Recommendation, it shall be adopted. Defendants' Motion to Exclude Evidence on ROPS Exemplar and Expert Griffin as untimely shall be granted, and plaintiff's expert Berry shall be prohibited from testifying regarding his acquisition of a Dixon Model 5020 lawn tractor, and his subsequent design, fabrication, installation, and testing of a rollover protective system for that mower. Additionally, for the reasons discussed in the Report and Recommendation, expert Griffin shall not be permitted to testify. Further, defendants' Motion to Exclude Evidence Under Daubert shall be granted in part and denied in part - plaintiff's expert Berry shall be permitted to testify regarding those opinions disclosed in his initial and rebuttal reports, including the alleged design defect and inadequate warnings. However, for the reasons discussed in the Report and Recommendation, expert Ketchman shall not be permitted to render expert opinions on these issues.

Turning to defendants' resisted Motion for Summary Judgment, defendants urge that for the reasons set forth in their Motion to Exclude Evidence Under

Daubert, the design defect opinions of plaintiff's experts are unreliable and inadmissible, and therefore, without expert evidence, plaintiff cannot establish a design defect claim. Defendants further assert that the warning opinions from plaintiff's experts are inadmissible for the reasons in their Motion to Exclude Under Daubert. Defendants urge that absent evidence decedent read any allegedly defective warnings, plaintiff cannot establish causation. Additionally, as to post-sale warnings, defendants assert that plaintiff cannot show that defendants could identify the owner or user or otherwise communicate a warning, therefore plaintiff cannot establish a post-sale warning claim, and accordingly they are entitled to summary judgment on this point.

Defendants further urge that to the extent plaintiff asserts any retrofit claim, under Iowa law there exists no duty to retrofit, and therefore they are entitled to summary judgment on this point. Plaintiff responds with no resistance, affirmatively stating it abandons any retrofit claim. Any retrofit claim shall be considered abandoned.

Additionally, defendants assert there are no theories to support judgment against defendants Husqvarna US Holding Inc., Husqvarna Consumer Outdoor Products NA Inc., or Blount International Inc., and those defendants should be dismissed. Plaintiff responds with no resistance, and affirmatively states that defendant 4520 Corp. Inc. is the only proper defendant in this action. The matter shall be dismissed as to all defendants other than 4520 Corp. Inc.

Finally, defendants urge that there are no facts from which a reasonable jury could find for plaintiff on the punitive damage claim, and therefore that claim should be dismissed.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

In light of the court's adoption of the Report and Recommendation, defendants' motion for summary judgment based upon the lack of admissible expert evidence shall be denied.

Turning to the claim of failure to warn, defendants assert there is no evidence that decedent read any allegedly defective warnings, nor any evidence that defendants could have identified the mower's owner so as to provide any warning. Plaintiff responds that no evidence exists as to whether decedent saw warnings in the manual or on the lawn tractor, and that "the gist of [its] warning claims is a failure to warn of the need of a safety frame to be considered on the

5

purchase of a mower." As the court understands plaintiff's position, plaintiff is abandoning any claim of post-sale failure to warn.

Upon review of the record in light of the applicable standards, it is the court's view that there exist disputed issues of material fact precluding the entry of summary judgment on plaintiff's defective design claim, on plaintiff's failure to warn claim as noted above, and on plaintiff's claim for punitive damages.

It is therefore

ORDERED

1. Objections to Report and Recommendation overruled, Report and Recommendation adopted.

2. Defendants' Motion to Exclude Evidence on ROPS Exemplar and Expert Griffin as Untimely granted.

3. Defendants' Motion to Exclude Evidence Under <u>Daubert</u> granted in part and denied in part in accordance with the adopted Report and Recommendation. Expert Griffin shall not be permitted to testify. Expert Berry shall be permitted to testify regarding those opinions disclosed in his initial and rebuttal reports, including the alleged design defect and inadequate warnings. Expert Ketchman shall not be permitted to render expert opinions on these issues.

4. Motion for Summary Judgment denied.

5. Dismissed as to defendants Blount International, Inc., d/b/a Dixon Industries, Inc.; Husqvarna US Holding Inc., f/k/a Husqvarna Professional

Outdoor Products, Inc.; and Husqvarna Consumer Outdoor Products, NA, Inc., f/k/a Husqvarna Outdoor Products, Inc., d/b/a Dixon Industries, Inc.

January 6, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT